### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME J. PATELUNAS II, and family, | : | No. 3:23cv2130 |
| **Plaintiffs** | : | |
| | : | (Judge Munley) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF ANTHONY LUPAS, JR., et al. | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Jerome J. Patelunas, II initiated the above-captioned *pro se* action under 42 U.S.C. § 1983 ("section 1983") against the several named defendants.[1] Plaintiff also moves to proceed *in forma pauperis* ("IFP"). Under the prescreening provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the court will dismiss plaintiff's complaint without leave to amend.

**Background**

Plaintiff filed his complaint on December 22, 2023. (Doc. 1). He alleges in a single paragraph that "a criminal organization has targeted me, my family, my businesses, to conceal their ponzi-scheme and related criminal enterprises to

---

[1] No cause of action is pled in the complaint; however, plaintiff's civil cover sheet indicates he is bringing claims pursuant to section 1983. (Doc. 1-1). Additionally, plaintiff is *pro se* and has named unidentified family members as co-plaintiffs. Plaintiff cannot represent his family members *pro se*. To the extent that plaintiff attempts to represent their interests, his arguments on their behalf will not be considered.

intimidate me from providing testimony and evidence that would expose them. And prevent publication of a book I am writing on corruption in Pennsylvania [sic]." (Doc. 1 at ¶ 3). Plaintiff also requests that the named defendants "make [him] whole." (Id. at ¶ 4).

Named defendants in this action include the Estate of Anthony Lupas, Jr., "Unknown Co-Conspirators," Luzerne County, the Federal Bureau of Investigation ("FBI"), the Luzerne County Sheriff, the "Federal Bankruptcy Court," Stell Construction, Laflin Borough, G and R Engineering, the Department of Justice, Josh Shapiro (either as Governor of Pennsylvania or as Attorney General of Pennsylvania), the Pennsylvania State Police, the Pennsylvania Attorney General's office, the Commonwealth of Pennsylvania, David Lupas, and Tina Gartley. (Id.).

Additionally, on his civil cover sheet, plaintiff references a related case, "Lupas Ponzi," before the Honorable Robert D. Mariani. (Doc. 1-1). According to available records, Judge Mariani presided over a criminal matter involving Anthony Lupas, Jr. that was dismissed at the request of the government nearly ten years ago. See United States v. Lupas, 3:12cr114. Plaintiff's connection to that matter is not alleged in any of his filings.

2

Simultaneously with the complaint, plaintiff filed a motion for immediate injunctive relief only naming the Luzerne County Tax Claim Bureau. (Doc. 5). Luzerne County Tax Claim Bureau was not named as a defendant in the complaint.  Plaintiff's motion appears to be a repurposed document that he has used in the past to seek relief in the Luzerne County Court of Common Pleas. (Id.).  In that motion, plaintiff seeks the "replacement of all property including intellectual, reputation, and loss of opportunity [sic] [,]" which he alleges is due to "theft," "threats of death," "witness intimidation," "violence," and an "ongoing RICO level criminal conspiracy."   (Id.).  Plaintiff also moves for leave to proceed IFP bringing this case to its present posture. (Doc. 2).

**Jurisdiction**

As this case is brought pursuant to Section 1983 for constitutional violations, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In civil actions initiated with IFP motions, the court may properly dismiss an action *sua sponte* under the prescreening provisions of 28 U.S.C. § 1915(e). See Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013), partially abrogated on other

3

grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Specifically, the court shall dismiss an IFP case at any time if it determines that the action: 1) "is frivolous or malicious," 2) "fails to state a claim on which relief may be granted," or 3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Although enacted as part of the Prison Litigation Reform Act, "the provisions of § 1915(e)(2) apply to all IFP complaints, not simply those filed by prisoners." Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)).

## Discussion

### A.    Plaintiff's Complaint is Frivolous

Under § 1915(e)(2)(B)(i), a case is "frivolous," and subject to dismissal when it lacks an arguable basis either in law or fact. Parker v. Univ. of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007)(citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)(dismissing an appeal based on its frivolousness). A claim may be dismissed as legally frivolous where it depends on an indisputably meritless legal theory. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," which encompasses allegations that are "fanciful,"

4

"fantastic," and "delusional."  Denton v. Hernandez, 504 U.S. 25, 33

(1992)(discussing Neitzke).  As further explained:

> [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis complaint* may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."

Id. (citation omitted).  Furthermore, a frivolousness determination is within the

discretion of the court.  Id.

Plaintiff's complaint[2] alleges that the various known and unknown federal,

state, local, and private actors, including a decedent's estate, a construction

company, two Luzerne County Court of Common Pleas judges, a borough,

Pennsylvania's governor, the FBI, and the Department of Justice, are operating

as a "criminal organization" and targeting plaintiff to conceal their "Ponzi scheme"

and prevent plaintiff from "providing testimony and evidence" and publishing a

book about corruption.  No other facts, however, are pled to support these

---

[2] The court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

conclusory statements.  Plaintiff's other motions also contain no facts to support these conclusions.

After a careful review of all of plaintiff's filings, it is impossible for the court to understand plaintiff's legal theories.  In assessing plaintiff's conclusory statements, if plaintiff is alleging violations of his constitutional rights by the local, state, and federal defendants, those violations are not described in any way.  If plaintiff is being prevented from testifying in court, no hearings or trials are mentioned in the complaint.  If plaintiff is being precluded from publishing a book, no description of any prior restraint is provided.  When considering plaintiff's statements about a multi-level, cross-jurisdictional "criminal organization" and "Ponzi scheme," there should be at least some facts to support those grand declarations.  Here, plaintiff pleads none.

Plaintiff's statement about the type of "criminal organization" also sheds no light on his claims.  A "Ponzi scheme" is defined as "[a] fraudulent investment scheme in which money contributed by later investors generates artificially high dividends or returns for the original investors, whose example attracts even larger investments.  Money from the new investors is used directly to repay or pay interest to earlier investors, usually without any operation or revenue-producing activity other than the continual raising of new funds." Black's Law

Dictionary (11th ed. 2019).  Other than answering the who question as to its

alleged operators, plaintiff has not offered any facts as to how this alleged Ponzi

scheme operates.  He has not stated what, when, or how he invested in this

alleged scheme or what he has allegedly lost.  In reality, alleged government-

sanctioned "Ponzi schemes" are common in complaints dismissed under

§1915(e)(2)(B) as being frivolous or for failing to state a claim.  See Johnson v.

Facebook, No. 23-CV-00391, 2023 WL 8281601, at *2 (D. Haw. Nov. 30, 2023);

Jessman v. Schuylkill Cnty. Prison, No. 1:21-CV-0494, 2021 WL 1313397, at *2

(M.D. Pa. Apr. 8, 2021); Boyd v. Allen, No. 2:17CV443, 2017 WL 6403021, at *2

(E.D. Va. Oct. 23, 2017)(adopting report and recommendation); Hopson v. Secret

Serv., No. 3:12CV-770-H, 2013 WL 504921, at *1 (W.D. Ky. Feb. 8, 2013).

Accordingly, to the extent that plaintiff's complaint alleges any "facts"

regarding this alleged "criminal organization" and "Ponzi scheme," those "facts"

are not accompanied by any averments that would take this matter out of the

realm of fantasy.  Plaintiff's complaint will be dismissed as frivolous under §

1915(e)(2)(B)(i).

**B.    Plaintiff's Complaint Fails to State a Claim**

In addition to being frivolous, plaintiff's complaint also fails to state a claim

upon which relief can be granted for the same reasons set forth above.  In

screening claims under § 1915(e)(2)(B)(ii), district courts apply the same standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Smithson v. Koons, No. 15cv1757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying the Rule 12(b)(6) standard for dismissal for failure to state a claim under § 1915(e)(2)(B)).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). The plaintiff, however, must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Id. at 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009)

(citations, internal quotations, and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. 679.  Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  Id. at 681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 681.

As noted above, plaintiff's complaint offers no facts to support his allegations of a "criminal organization" and "Ponzi scheme," only conclusions. He offers no explanation how each of the individual defendants fit into this alleged system.  He offers no explanation how any of the defendants have acted against him.  Plaintiff asks the court to make him whole, but he does not indicate any of the losses he has sustained as the result of the defendants' conduct. "Asking for plausible grounds" on a motion to dismiss "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Twombly, 550 U.S. at 545.  Here, however, plaintiff simply pleads some nebulous "criminal organization" involving all levels of the government with no other facts.  Based on this pleading, there is no expectation that litigation will reveal anything other than the bare conclusions offered in plaintiff's complaint.

In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court, however, does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d

902, 906 (3d Cir. 1997)).  Thus, the court has also reviewed plaintiff's motion for injunctive relief to make sense of his complaint.

Plaintiff's motion for injunctive relief however simply recasts the bald allegations of the complaint using different labels, including "organized crime," "RICO level criminal scheme," and "organized criminal cabal." (Doc. 5). Moreover, the traces of other matters of public record referenced in plaintiff's filings provide no additional information.  Assuming that the court is construing these traces accurately, plaintiff has been involved in litigation in the Luzerne County Court of Common Pleas over the last twenty-five (25) years and the litigation may have stemmed, at least in part, from a tax sale of property.  Plaintiff also may be connected to a dismissed criminal prosecution involving Anthony Lupas as referenced on his civil cover sheet. (Doc. 1-1).  However, a review of the superseding indictment in that matter does not list plaintiff as an alleged victim. (See United States v. Lupas, 12cr114, Doc. 31).  Plaintiff's connection to that case, if any, is not otherwise alleged anywhere in the complaint.  These other filings ultimately do not supplement or clarify plaintiff's claims as pled in the complaint.  Thus, in addition to being frivolous, plaintiff's complaint will also be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).

11

## C.    Leave to Amend

"Dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile." Grayson, 293 F.3d at 112–13. Grayson, 293 F.3d at 108. Based on the nature of the broad conclusions and deficient facts alleged in plaintiff's complaint, any attempt to amend his Section 1983 claims against the named defendants would clearly be futile. Thus, plaintiff will not be granted leave to file an amended complaint.

## Conclusion

For the above reasons, plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and his motion for preliminary injunctive relief (Doc. 5) will also be dismissed as moot. The Clerk of Court will be directed to close this case.

Date: 1/4/24

JUDGE JULIA K. MUNLEY
United States District Court